UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILED
IN CLERK'S OFFICE

2002 SEP 27 P 1: 08

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.

# 02 - 30159 - MAP

|  |  |  |
|---|---|---|
| SANDRA WHEELER, | ) | |
| Plaintiff | ) | |
| | ) | **DOCKETED** |
| v | ) | COMPLAINT |
| | ) | RECEIPT # 305003 |
| PIONEER DEVELOPMENTAL | ) | AMOUNT $ 150.00 |
| SERVICES, INC. and "JANE DOE", | ) | SUMMONS ISS. ✓ |
| Plan Administrator of Pioneer | ) | LOCAL RULE 4.1 |
| Developmental Services' Benefit Plans, | ) | WAIVER OF SERV. |
| Defendants | ) | MCF ISSUED |
| | ) | AO 120 OR 121 ✓ |
| | | BY DPTY CLK. MG6 |
| | | DATE 9/27/02 |

I.  **INTRODUCTION**

1.      The Plaintiff, Sandra Wheeler, brings this complaint to redress her employer's

numerous violations of the Family and Medical Leave Act, and related state and federal statutes.

The employer, Pioneer Developmental Services, Inc. illegally demoted and then discharged Ms.

Wheeler when she requested medical leave covered by the FMLA and the employer's own

policy.  More specifically, the employer failed to:

        (a)      Offer legally mandated FMLA leave to Ms. Wheeler when she requested

                 for medical reasons to limit her hours to eight hours per day;

        (b)      Offer legally mandated FMLA leave when she requested a four week leave

                 of absence;

1

$O1$

    (c)      Give Ms. Wheeler a reasonable amount of time to produce additional

              medical verification to substantiate the need for medical leave; and

    (d)      Consider the documentation provided by Ms, Wheeler's doctor prior to

              discharging her.

Upon discharge, the employer violated Massachusetts wage and hour laws by not paying her all of her wages, including accrued vacation time. After discharging Ms. Wheeler, the employer did not comply with the health insurance notification requirements mandated by COBRA, and failed to offer her continued insurance coverage as required under M.G.L. c. 175, §110D.

Finally, upon her illegal termination, Ms. Wheeler had a positive balance in her Section 125 account, which she is entitled to in full, which the employer has illegally withheld from her. Thus, the employer illegally demoted Ms. Wheeler and cut her pay, then discharged Ms. Wheeler from her job, even at these reduced wages. As a result, Ms. Wheeler was left with no health insurance and with inadequate income to support her family.

## II    JURISDICTION

2.    Jurisdiction is conferred upon this Court by 29 U.S.C. §1627(a)(2), 28 U.S.C. §§1331 and 1343(3), and 28 U.S.C. §1367, which grants jurisdiction over pendant state law claims.

## III.    PARTIES

3.    The plaintiff, Sandra Wheeler, is an adult resident of Hampshire County who

resides at 985 Florence Road, Florence, Massachusetts.

     4.     The defendant, Pioneer Developmental Services, Inc., is a provider of social and training services for developmentally disabled adults, and is the employer in this action. It has its principal place of business at 1727 Northampton Street, Holyoke, Massachusetts.

## IV.    FACTS

     5.     Ms. Wheeler worked full time for the employer from March 16, 1998 until her discharge on December 26, 2001. She held several positions, including case manager and direct care worker.

     6.     Ms. Wheeler suffers from several serious and chronic health conditions, including hypothyroidism, gouty arthritis, depression, stress incontinence, and recurrent respiratory infections.

     7.     In September of 2001, Ms. Wheeler was working in the case manager position. She was working shifts lasting from 14 to 15 hours per day.

     8.     On September 21, 2001, Ms. Wheeler was taken by ambulance to a hospital emergency room with heart palpitations and shortness of breath. She sought follow-up care from her doctor, Peter Siersma, M.D., on September 24th. On that same day, Dr. Siersma wrote a note stating that Ms. Wheeler should restrict her work hours to eight hours per day in order to safe-guard her health. Ms. Wheeler then presented the note to her employer

     9.     Instead of accommodating Ms. Wheeler's request by adjusting her case management schedule, or offering her FMLA intermittent leave to restrict her daily work hours, the employer demoted Ms. Wheeler from case manager to direct care staff and reduced her

hourly rate of pay.

10.     On December 7, 2001, the employer asked Ms. Wheeler to drive a client home,

which would have required Ms. Wheeler to work more than eight hours that day, against her

doctor's recommendation.  Ms. Wheeler declined to work overtime to perform this task.

11.     On December 11th, Ms. Wheeler was treated by her doctor for a persistent

respiratory infection and cough.  Her doctor advised that she take four weeks of medical leave

from work in order to recuperate.

12.     On December 13, 2002, the employer gave Ms. Wheeler a written disciplinary

action for the incidents of December 7, 2002.  The employer issued a written warning that was

put in her personnel file and placed her on probation for 30 days.

13.     On December 14th, Ms. Wheeler brought the employer a note from her doctor

recommending a four-week leave of absence.   Ms. Wheeler did not return to work after that date.

14.     By letter dated December 17th, the employer notified Ms. Wheeler that they were

not approving her request for medical leave.  The employer requested more documentation from

Ms. Wheeler's doctor, including a letter detailing the nature of her condition and need for

medical leave.  The letter stated that Ms. Wheeler would have to submit such documentation to

the employer by December 20th, or her leave would be considered unexcused.

15.     Ms. Wheeler received the letter from her employer on December 19th, one day

prior to the deadline given by the employer.

16.     The employer's letter to Ms. Wheeler stated that she was to have no contact with

the employer during her absence and threatened her with disciplinary action if she did not abide

by this restriction.

4

17.     On December 19th, Ms. Wheeler hand delivered to her doctor the employer's letter. She also signed a release form authorizing the employer to contact her doctor.

18.     On December 19th, the doctor's office notified the employer that it could not possibly meet the employer's request on one day's notice, but that it would try to fax the information to the employer on December 24th.

19.     On December 26th, the doctor's office faxed to the employer a more detailed statement regarding Ms. Wheeler's need for medical leave.

20.     On December 26th, the employer sent Ms. Wheeler a letter terminating her employment. The letter characterized Ms. Wheeler's failure to provide a doctor's letter by December 20th as willful insubordination and determined that her medical leave was unauthorized. The letter informed Ms. Wheeler that her employment was terminated for these reasons.

21.     The employer did not communicate with Ms. Wheeler between its letters of December 17th and December 26th. Ms. Wheeler, who had been forbidden from contacting her employer until further notice, assumed that her leave of absence had been approved.

22.     When the employer received the requested documentation from Ms. Wheeler's doctor on December 26th, it did not attempt to either revoke or refrain from sending the termination letter, which it mailed to Ms. Wheeler that same day.

23.     By letter dated January 2, 2002, the employer notified Ms. Wheeler, after the fact, that her group health insurance coverage had been terminated effective January 1, 2002.

24.     Ms. Wheeler is an employee covered by the Family Medical Leave Act (FMLA). 29 U.S.C. §2611(2)(A).

25.     Pioneer Developmental Services is an employer covered by the FMLA. 29 U.S.C. §2611(4).

26.     At the time that she requested from her employer four weeks of medical leave, Ms. Wheeler had not exhausted her allotment of twelve weeks FMLA leave during a twelve-month period. 29 U.S.C. §2612(a)(1).

27.     As of December 14, 2001, Ms. Wheeler suffered from a serious health condition which rendered her unable to perform her job.

28.     Ms. Wheeler gave the employer sufficient information to put the employer on notice that she might qualify for FMLA leave, and she provided the employer, within a reasonable time, with medical verification for her requested four-week leave of absence. 29 U.S.C. §2612 (a)(1)(D) and §2612 (e)(2)(B).

29.     The employer did not offer Ms. Wheeler FMLA-covered leave.

30.     The employer allocated Ms. Wheeler's days of absence from December 12 through December 26, 2001 as vacation days rather than sick days. The employer deducted these hours from her accrued vacation pay, despite Ms. Wheeler having sufficient sick hours accrued to cover this period of medical leave. The employer has not paid her for all of the hours of vacation that Ms. Wheeler had accrued at the time of her discharge.

31.     The employer has an explicit policy governing Family and Medical leave that it provides to employees.

32.     Ms. Wheeler received a copy of the employer's Family Leave policy as part of her employee handbook.

6

33.    The employer did not follow its stated policy when it denied medical leave to Ms. Wheeler.

34.    Pioneer Developmental Services (PDS) offers to its employees a Flexible Benefit Plan pursuant to Section 125 of the Internal Revenue Code.  PDS administers its own Section 125 Plan.

35.    PDS regularly deducted funds from Ms. Wheeler's paycheck pursuant to her Section 125 plan election for medical expenses.  Ms. Wheeler timely submitted medical claims, for which she has not been reimbursed.

36.    As of the date of her illegal discharge, Ms. Wheeler had a positive balance in her Section 125 flexible spending account with the employer.  Though not required to do so in order to recover these funds, Ms. Wheeler timely filed the Medical Care Expense Claim Form provided by the employer.

37.    The employer failed to distribute to Ms. Wheeler the amount left in her Section 125 account upon separation, or upon receiving documentation of incurred medical expenses.

38.    By letter dated February 12, 2002, Ms. Wheeler notified her employer that she would like to be reinstated to her former, or a comparable position.  As of the date of this complaint, the employer had not made Ms. Wheeler a specific offer of employment.

## V.    CLAIMS FOR RELIEF

### First Claim:  Violation of 29 U.S.C.  §2601(b)(2)

39.    By demoting Ms. Wheeler and lowering her pay in response to her request, corroborated by her medical provider,  to work no overtime, the employer failed to grant intermittent medical leave, in violation of the FMLA.

40.    The employer failed to grant FMLA-mandated medical leave to Ms. Wheeler for the four weeks of requested medical leave in December 2001.

41.    The employer failed to provide Ms. Wheeler with a reasonable time to furnish medical verification of her need for medical leave in December 2001.

42.    The employer failed to accurately apprize Ms. Wheeler of her options for continued health insurance while on FMLA-covered medical leave.

43.    The employer failed to hold Ms. Wheeler's job open for her during the period of her requested FMLA leave.

44.    By its actions in  Paragraphs 39 through 43 above, the employer violated 29 U.S.C. §2601(b)(2) (FMLA) and its implementing regulations.


### Second Claim: Violation of ERISA

45.    Pursuant to 29 U.S.C. §1001, et seq. (ERISA), the plan administrator has a fiduciary duty to administer its medical, dental, pre-tax withholding, and other benefit plans for the benefit of its employees.

46.    The plan administrator breached its fiduciary duty under ERISA when it determined not to continue health, dental and other benefits under its benefit plans.

8

47.     The plan administrator breached its fiduciary duty under ERISA when it denied reimbursement to the plaintiff for plan benefits pursuant to its self-administered, pre-tax withholding account under §125 of the Internal Revenue Code.

### Third Claim:  Breach of Contract

48.     By failing to provide Ms. Wheeler with medical leave in accordance with its own stated policies, the employer breached its employment contract with Ms. Wheeler.

### Fourth Claim:  Breach of Fiduciary Duty

49.     The employer has a fiduciary duty to the plaintiff in its administration of benefits offered as part of her employment, including health and dental insurance.

50.     The employer breached its fiduciary duty to the plaintiff by misrepresenting to her that her insurance coverage was terminated, when pursuant to M.G.L. c. 175, §110D, the plaintiff's health insurance coverage extended for at least 31 days from the date of termination. By sending to Ms. Wheeler notice that her medical insurance coverage terminated as of January 2, 2002, the employer misrepresented to Ms. Wheeler the date of termination of her medical insurance, denying her the opportunity to continue her medical coverage from the date of discharge, in violation of and M.G.L. c. 175, §110D  and its obligations under COBRA.

### Fifth Claim:  Illegal Conversion

51.     The employer administered its own pre-tax reimbursement plan under Section 125 of the Internal Revenue Code.

52.     By failing to distribute to Ms. Wheeler the full amount accrued in her Section 125 account for which she had submitted valid and timely claims for reimbursement, the employer illegally converted Ms. Wheeler's funds to their own use.

### Sixth Claim:  Violation of M.G.L. c. 149, §150

53.     The employer's improper allocation of Ms. Wheeler's sick time as vacation time, and subsequent failure to pay her all accrued vacation pay upon termination, is in violation of M.G.L. c. 149, §150.

54      Pursuant to M.G.L. c. 149, §150, the employer is liable for three times the owed vacation pay, plus attorney's fees.

## VI. **PRAYERS FOR RELIEF**

**WHEREFORE**, the Petitioner respectfully requests that this Court:

1)      Reinstate Ms. Wheeler to her job as case manager or equivalent position, with full restoration of any life insurance, dental, medical, disability and other benefits which were a part of her previous fringe benefit package ;

2)      Grant petitioner money damages against defendant employer pursuant to 29 U.S.C. §2617, amounting to twice the back wages owed to her, based on the pay scale she enjoyed prior to the illegal reduction in wages that occurred on or about October 1, 2001.;

3)      Order the employer to pay Ms. Wheeler the full balance in her Section 125 account as of December 26, 2001;

10

4)    Order the employer to pay to Ms. Wheeler three times any accrued vacation pay which was not paid to her at the time of discharge;

5)    Grant to petitioner the costs of maintaining this action, including a reasonable attorney's fee pursuant to 29 U.S.C §2617(a)(3); and M.G.L. c. 149, §150;

6)    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

SANDRA WHEELER

By Her Attorney,

Dated: September 27, 2002

Patti A. Prunhuber, Esq.
Western Massachusetts Legal Services
20 Hampton Avenue, Suite 100
Northampton, MA 01060
(413)584-4034
BBO# 544918

11